MEMORANDUM**
Debra Letvinuck appeals the district court’s judgment in favor of Aetna Life Insurance Company and the Boeing Company Employee Health and Welfare Benefit Plan in Letvinuck’s action alleging that Aetna abused its discretion when it failed to extend short and long term disability benefits to her. We vacate and remand.
The district court expressed awareness of the need to take Aetna’s inherent conflict of interest into account; it cited to our explication of the appropriate standard in Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 967-69 (9th Cir.2006) (en banc). The Supreme Court’s later decision did not affect that explication for purposes of this case. Metro. Life Ins. Co. v. Glenn, — U.S. —, -, 128 S.Ct. 2343, 2350-51, 171 L.Ed.2d 299 (2008).
However, at two places in its Conclusions of Law the district court then cited a case decided before Abatie. See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir.2004). That, itself, was not erroneous. Unfortunately, the district court also indicated that it was required to uphold Aetna’s decision if there was “any reasonable basis” for it. That was error. We expressly rejected that standard in Abatie, 458 F.3d at 969.
The district court also erred when it did not sufficiently consider certain of Aetna’s other failures, which would affect the skepticism to be used by the court in its review. Aetna did not clearly inform Let-vinuck that it needed further objective neurological testing evidence before it could be convinced that she had a cognitive disability due to her multiple sclerosis. See, e.g., Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 870-72 (9th Cir.2008); Abatie, 458 F.3d at 972. In the face of MRIs and her doctors’ observations, Aetna’s reference to a need for objective evidence did not suffice. See Saffon, 522 F.3d at 870. Also the Plan required Letvinuck to apply, and even reapply, for Social Security disability benefits which the Plan could then deduct from her payments if Social Security benefits were granted. However, Aetna then essentially ignored the grant of those benefits. See Glenn, — U.S. at -, 128 S.Ct. at 2352. In making its decision, the Court affirmed the decision in Glenn v. MetLife, 461 F.3d 660, 666-69 (6th Cir.2006). In that case, the Sixth Circuit Court of Appeals more fully set out the facts. There was no evidence in this case that Aetna took as active a role as the insurance company took in Glenn, but the whole scheme of the Plan militates for some consideration by Aetna of the Social Security disability determination.[1]
Perhaps the district court’s reference to the Jordan standard and its lack of concern with the other apparent conflicts did not make any difference in this case in light of its facts. However, we are far *663 from sure that is true. Thus, we vacate the district court’s decision and remand so that it can properly apply the Abatie standard and clearly consider Aetna’s conflict of interest, without imposing undue burdens upon Letvinuck.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Of course, we recognize that the mere fact that Letvinuck was granted Social Security benefits did not require Aetna to decide in her favor. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 830-34, 123 S.Ct. 1965, 1970-72, 155 L.Ed.2d 1034 (2003); Madden v. ITT Long Term Disability Plan, 914 F.2d 1279, 1285-86 (9th Cir.1990).